**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JOHN A. MARTIN, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cv0003 AS |
| | ) | |
| JOHN R. VANNATTA, | ) | |
| | ) | |
| Respondent | ) | |

### *MEMORANDUM, OPINION AND ORDER*

On or about January 3, 2006, *pro se* petitioner, John A. Martin, filed a petition seeking relief under 28 U.S.C. §2254. There is some indication in the papers, however, that there is a Fort Wayne attorney designated as J. L. Phillips as attorney-in-fact. There is some question as to whether the aforesaid J. L. Phillips is actually an attorney at law. This case will proceed on the basis that John A. Martin is pro se. This court is mandated to greatly indulge *pro se* plaintiffs. *See Haines v. Kerner*, 404 U.S. 519 (1972). *See also McNeil v. United States*, 508 U.S. 106 (1993)*, Smith v. Fairman*, 862 F.2d 630 (7th Cir. 1988), *cert. denied*, 490 U.S. 1008 (1989); and *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).

According to the papers in this case, this petitioner, John Martin, has been incarcerated in the Miami Correctional Facility at Bunker Hill, Indiana. In and around December 2004, he was the subject of a disciplinary proceeding there. That proceeding was designated as MCF 04-12-0257. There was a sanction of 30 days of earned credit time which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this

circuit.  *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v.  McBride,* 81 F.3d 717 (7th Cir. 1996).  This court is familiar with the mandates of *Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992), *cert. denied*, 507 U.S. 950 (1993).  This court is also familiar with the standards regarding the presentation of physical evidence in this species of proceeding.  *See Hayes v. McBride*, 965 F. Supp. 1186 (N. D. Ind. 1997).  Obviously, this particular species of proceeding does not contemplate the confronting and cross-examining witnesses as indicated in the Sixth Amendment of the Constitution of the United States.  *See Baxter v. Palmigiano*, 425 U.S. 308 (1976).  Generally, these proceedings are based on violations of the statutes, treaties and Constitution of the United States.  *See Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. denied*, 489 U.S. 1088 (1989).  The focus is not on violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).  *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).  The so-called ADP are generally species of state law for these purposes.  *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).  This court does not conceive that any decision here is bottomed on harmless error. Most recently, *see Scruggs v. Jordan*, No. 05-4238 (7th Cir. May 7, 2007).

The petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  May 17, 2007

**S/ ALLEN SHARP**

**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**